UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JOSEPH ANTHONY WASHINGTON,

        Petitioner,

v.

JOAN FABIAN,
Commissioner of Corrections,

        Respondent.

Civil No. 09-2455 (DWF/JSM)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this case be summarily dismissed without prejudice.

Petitioner's habeas corpus petition, (Docket No. 1), was filed on September 11, 2009. When the case was initially reviewed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, it appeared to the Court that Petitioner had not exhausted all of his available state court remedies for all of his current habeas corpus claims, as is clearly required by 28 U.S.C. § 2254(b). See also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Therefore, by order dated September 23, 2009, (Docket No. 4), the Court directed Petitioner to file an affidavit that would explain how he had exhausted all of his state court remedies for each of his federal habeas corpus claims. Petitioner was advised that if he did not file that affidavit by October 16, 2009, the Court would recommend that this action be summarily dismissed.

The deadline for filing the affidavit required by the Court's prior order has now passed, and Petitioner has not yet filed any such affidavit, nor has he offered any excuse for his failure to do so. Indeed, Petitioner has not communicated with the Court at all since he commenced this action by filing his habeas corpus petition. Therefore, it is now recommended, in accordance with the Court's prior order, that Petitioner be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing federal court's inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Finally, given the Court's determination that this action should be summarily dismissed, it will also be recommended that Petitioner's pending application for leave to proceed in forma pauperis, (Docket No. 3), be denied.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 3), be **DENIED**; and

2. This action be summarily **DISMISSED WITHOUT PREJUDICE**.

Dated: October 26, 2009

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by November 13, 2009, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.